**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE WALKER D. MILLER**

Civil Action No. 94-cv-02581-WDM-BNB

| | | |
|---|---|---|
| In re: | ) | Adversary Proceeding No. 94-1370-PAC |
| | ) | Chapter 11 |
| INTEGRA REALTY RESOURCES, INC., | ) | Case No. 92-18853-DEC |
| and | ) | |
| INTEGRA - A HOTEL AND RESTAURANT COMPANY | ) ) | Case No. 92-18854-PAC |
| Tax I.D. No. 48-0764252 | ) | |
| and | ) | |
| BHC OF DENVER, INC., | ) | Case No. 92-18855-CEM |
| Tax I.D. No. 74-27914828 | ) | |
| | ) | Jointly Administered under |
| Debtors. | ) | Case No. 92-18853-DEC |
| | ) | |
| | ) | |
| Jeffrey A. Weinman, as Trustee | ) | |
| for the Integra Unsecured Creditors' Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Fidelity Capital Appreciation Fund, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON TRUSTEE'S**
**VERIFIED *EX PARTE* MOTION FOR LEAVE**
**TO SERVE CLERK'S NOTICE TO JUDGMENT DEBTORS**
**OF REVIVAL MOTION BY MAIL**

THE COURT, having received and reviewed the Trustee's Verified *Ex Parte* Motion for Leave to Serve Clerk's Notice to Judgment Debtors of Revival Motion by Mail, hereby:

**FINDS** that revival of the Judgments entered in this adversary proceeding is controlled by Federal Rule of Civil Procedure 69, which provides in part as follows:

> "The procedure on execution, in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy

1

>        is sought, <u>except that any statute of the United States governs to the extent that it is applicable</u> . . . ."

Fed. R. Civ. P. 69(a) (emphasis added).  The "practice and procedure of the state in which [this] district court is held" is described in Colorado Rule of Civil Procedure 54(h).  However, the Court finds that Federal Rule of Civil Procedure 69's provision that "any statute of the United States governs to the extent that it is applicable" comes to bear in this case.

Specifically, Federal Rule of Bankruptcy Procedure 7004 authorizes service of process by U.S. mail in the context of bankruptcy adversary proceedings.  This case is such an adversary proceeding.  The Court is persuaded that Federal Rule of Bankruptcy Procedure 7004's mechanism for process via U.S. Mail service is tantamount to a "statute of the United States," as Rule 69 uses that phrase, permitting service of the Colorado Rule of Civil Procedure 54(h) Notice in the instant case via U.S. mail.  *American Freight System, Inc. v. Temperature Systems, Inc. (In re American Freight System, Inc.),* 173 B.R. 739, 743 (Bankr. D. Kan. 1994) (Federal Rule of Bankruptcy Procedure 7004 supersedes Kansas procedure for service of process of post-judgment papers in a bankruptcy adversary proceeding); *see also Rumsey v. George E. Failing Co.,* 333 F.2d 960, 962 (10th Cir. 1964) (Federal procedure rules are "statute[s] of the United States" within the meaning of Rule 69).  Hence, the Court:

**ORDERS** that the Trustee's request for leave to serve the Colorado Rule of Civil Procedure 54(h) Notice upon the judgment debtors via U.S. Mail pursuant to Federal Rule of Bankruptcy Procedure 7004 is **GRANTED**;

**IT IS FURTHER ORDERED** that the cost of serving the Colorado Rule of Civil Procedure 54(h) Notice upon the judgment debtors shall be borne by the Trustee.

**IT IS FURTHER ORDERED** that Trustee's Motion for Revival of Judgments (and any responses thereto) will be considered by the Court after the Rule 54(h) Notice has been served and the debtors' time to show cause why the judgments should not be revived has elapsed.

DATED at Denver, Colorado, on May 15, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge