IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.  94-cv-02581-WDM-BNB
Adversary Proceeding No. 94-1370-PAC

| | |
|---|---|
| INTEGRA REALTY RESOURCES, INC., and | Bankruptcy No. 92-18853-DEC |
| INTEGRA-A HOTEL AND RESTAURANT COMPANY, Tax ID No. 48-0764252 and | Bankruptcy No. 92-18854-PAC |
| BHC OF DENVER, INC., Tax ID No. 74-27914828, | Bankruptcy No. 92-18855-CEM |
| Debtors. | Jointly Administered Under Case No. 92-18853-DEC |

JEFFREY A. WEINMAN, as Trustee
for the Integra Unsecured Creditors' Trust,

    Plaintiff,

v.

FIDELITY CAPITAL APPRECIATION FUND,
et al.,

    Defendants.
_____

**ORDER APPROVING MOTION FOR REVIVAL OF JUDGMENTS**
_____

    This matter is before me on the Plaintiff's Motion for Revival of Judgments (doc. no. 1368).  This motion is pursuant to Colo.R.Civ. P. 54(h) and the judgments to be revived are identified in Plaintiff's motion by number, dated entry, and amount.  The required notice to judgment debtors to show cause why the judgment should not be revived has been given in accordance with my May 16, 2006 order (doc. no. 1386).

    Several individuals filed responses with the court and many more filed responses with Plaintiff's counsel.  See certificate of service (doc. no. 1392).

Many responses objected generally to the fact of judgment and any liability, many provided notice of the death of the judgment debtor, and some expressed efforts to settle.  None of these provided any basis for contesting the revival of the judgments, particularly the objections to the fact of judgment and related issues which are precluded by *res judicata*.  Indeed, no response raised an issue such as satisfaction, discharge, release, jurisdiction or other issue to be tried or determined by the court as to why the judgment should not be revived pursuant to Rule 54(h).

Although I might question the wisdom of a motion to revive judgments which are still effective for 12 or more years before the deadline for reviving a judgment, I am aware of no basis by which I could simply deny the motion as premature.  I do observe that some further satisfactions of judgment have been filed and should be reflected in the ultimate revived judgments.

Accordingly, being sufficiently advised, it is ordered:

1.  Plaintiff's Motion for Revival of Judgments (doc. no. 1368) is granted to the extent those identified in the motion remain unsatisfied; and

2.  Plaintiff shall submit for court approval proposed revised judgments by number, judgment debtor and amount remaining on the judgment using the same judgment numbers reflected in his motion.

DATED at Denver, Colorado, on March 22, 2007.

                                        BY THE COURT:

                                        s/ Walker D. Miller
                                        United States District Judge