# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# JUDGE WALKER D. MILLER

Civil Action No. 94-cv-02581-WDM-BNB

| | |
|---|---|
| In re: | ) Adversary Proceeding No. 94-1370-PAC |
| | )  Chapter 11 |
| INTEGRA REALTY RESOURCES, INC., | ) Case No. 92-18853-DEC |
| and | ) |
| INTEGRA - A HOTEL AND RESTAURANT COMPANY | ) Case No. 92-18854-PAC |
| Tax I.D. No. 48-0764252 | ) |
| and | ) |
| BHC OF DENVER, INC., | ) Case No. 92-18855-CEM |
| Tax I.D. No. 74-27914828 | ) |
| | ) Jointly Administered under |
| Debtors. | ) Case No. 92-18853-DEC |
| | ) |
| Jeffrey A. Weinman, as Trustee for the Integra Unsecured Creditors' Trust, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| Fidelity Capital Appreciation Fund, *et al.*, | ) |
| Defendants. | ) |

## REVIVED FINAL JUDGMENT NO. 46

THE COURT, having granted Plaintiff's Motion for Revival of Judgments on March 22, 2007 (Docket No. 1401), HEREBY ORDERS that Final Judgment No. 46, originally entered by the Court on November 17, 1999, is hereby revived effective March 22, 2007, to the extent described herein.

This revival is limited to those Judgment Debtors and sums owed by them that have not been satisfied since the original Judgment's entry. Accordingly, the Court expressly limits this Revival to those Judgment Debtors and sums listed on the attached redacted Final Judgment No. 46, which excludes Judgment Debtors and sums that have been satisfied. The Court authorized such redactions by Order dated August 27, 2001 (Docket No. 983).

Post-judgment interest shall continue to accrue as set forth in the original Judgment, dating from the original Judgment's entry.

DATED at Denver, Colorado, this 23rd day of May, 2007

BY THE COURT:

s/ Walker D. Miller

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

NOV 17 1999

JAMES R. MANSPEAKER
CLERK

Civil Action No. 94-WM-2581

| | |
|---|---|
| In re: | ) Adversary Proceeding No. 94-1370-PAC |
| | ) Chapter 11 |
| INTEGRA REALTY RESOURCES, INC., | ) Case No. 92-18853-DEC |
| and | ) |
| INTEGRA - A HOTEL AND RESTAURANT | ) Case No. 92-18854-PAC |
| COMPANY | ) |
| Tax I.D. No. 48-0764252 | ) |
| and | ) |
| BHC OF DENVER, INC., | ) Case No. 92-18855-CEM |
| Tax I.D. No. 74-27914828 | ) |
| | ) Jointly Administered under |
| Debtors. | ) Case No. 92-18853-DEC |
| | ) |
| Jeffrey A. Weinman, as Trustee | ) |
| for the Integra Unsecured Creditors' Trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Fidelity Capital Appreciation Fund, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FINAL JUDGMENT NO. 46

Pursuant to and in accordance with the Order Approving Class Settlement With Right to Opt Out entered by the Honorable Walker D. Miller, Judge, on July 7, 1999, and all procedures required thereby having been satisfied, it is

ORDERED AND ADJUDGED that the Plaintiff, Jeffrey A. Weinman, as the Trustee of the Integra Unsecured Creditors' Trust, recover as judgment from each Defendant below, individually:

1. ~~Defendant Terano Abe and Mildred H. Young, the sum of $1,060.00;~~

2. ~~Defendant Alfredo R. Briones, the sum of $294.00;~~

3. ~~Defendant Alfredo Rosario Briones and Charles Schwab & Co., Inc., Custodian FBO Alfredo R. Briones IRA, the sum of $294.00;~~

4. ~~Defendant Milton K. Y. Chang, the sum of $336.00;~~

5. Defendant Dr. Hing Hua Chun, the sum of $56.00;

6. ~~Defendant Howard H. Y. Lau and Diane S. O. Ching, the sum of $56.00;~~

7. ~~Defendant Louis Joseph Markee, Jr., the sum of $14.00;~~

8. Defendant Uaukewai Diving & Salvage, the sum of $2,394.00;

9. ~~Defendant Dexter Yukio Yamamoto, the sum of $1,216.00;~~

10. ~~Defendant Irwin Toraki Yamamoto, the sum of $1,351.00;~~

12. ~~Defendant Ronald K. Yamamoto, the sum of $1,575.00;~~

13. ~~Defendant George M. Yamasaki and Charles Schwab & Co., Inc., Custodian FBO George M. Yamasaki IRA, the sum of $262.00.~~

Each with interest pursuant to 28 U.S.C. §1961 thereon at the rate of 5.411 per cent as provided by law.

IT IS FURTHER ORDERED AND ADJUDGED pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure that there is no just reason for delay in the entry of this judgment, and therefore, this judgment shall be entered as a separate, final judgment.

DATED this 29 day of October, 1999.

Walker D. Miller, United States District Court Judge

2